**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 24 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: BRUCE ELIEFF, | No. 22-60008 |
| Debtor, | BAP No. 21-1081 |
| ------------------------------ | |
| TODD KURTIN, | MEMORANDUM* |
| Appellant, | |
| v. | |
| HOWARD M. EHRENBERG, Chapter 7 Trustee, | |
| Appellee. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Spraker, Faris, and Lafferty III, Bankruptcy Judges, Presiding

Submitted February 13, 2023**
Pasadena, California

Before: TASHIMA, HURWITZ, and BADE, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Todd Kurtin appeals from an opinion of the Bankruptcy Appellate Panel ("BAP") affirming decisions of the bankruptcy court that (1) subordinated Kurtin's bankruptcy claim under 11 U.S.C. § 510(b); (2) subordinated a judgment lien under § 510(b); and (3) denied motions to continue and excluded evidence from the summary-judgment proceedings. We have jurisdiction under 28 U.S.C. § 158, and we affirm.

1.      The BAP did not err in concluding that Kurtin's bankruptcy claim was properly subordinated under § 510(b), which provides that a bankruptcy claim "for damages arising from the purchase or sale" of a security must be subordinated to "all claims or interests that are senior to or equal the claim or interest represented by such security." 11 U.S.C. § 510(b). The term "arising from" in § 510(b) is interpreted broadly, requiring only a sufficient "nexus or causal relationship between the claim and the purchase or sale of securities." *Penso Trust Co. v. Tristar Esperanza Props., LLC (In re Tristar Esperanza Props., LLC)*, 782 F.3d 492, 497 (9th Cir. 2015) (quotation omitted).

As in *Tristar*, Kurtin's claim arises from a state-court judgment in an action for failure to fully reimburse an equity holder for the value of his stake. *See id.* Kurtin's attempts to distinguish *Tristar* are unavailing, as is his argument that the underlying settlement agreement was severable such that the first settlement payment fully compensated him for his equity interest.

2

2.    The BAP also did not err in concluding that the judgment lien was also subject to subordination under § 510(b).  A lien "is a 'claim' within the terms of" the Bankruptcy Code.  *Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991).

3.    Finally, the BAP did not err in determining that the bankruptcy court properly denied Kurtin's motion to continue discovery under Rule 56(d) and in excluding certain portions of evidentiary declarations during the summary-judgment proceedings.  The discovery sought in Kurtin's Rule 56(d) motion was not relevant to any issue before the bankruptcy court, given the plain language of the settlement agreement.  *See, e.g.*, *Tanadgusix Corp. v. Huber*, 404 F.3d 1201, 1205 (9th Cir. 2005) (explaining that, under "general principles of federal contract law," where a contract is unambiguous, its terms "control, regardless of the parties' subjective intentions shown by extrinsic evidence"); *see also Bank of the West v. Valley Nat'l Bank of Ariz.*, 41 F.3d 471, 477 (9th Cir. 1994) (applying a similar principle under California law).  Kurtin's request for further discovery on the "old and cold defense" was properly denied because the rationale for subordination in this case is not implicated by that defense.  The respective declarations were properly excluded because they were also irrelevant to the subordination decision.

    **AFFIRMED.**

3